**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE MODESTO MERCADO MARIN,** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 26-8635** |
| | : | |
| **MULLIN, *et al.*** | : | |
| | : | |

**MEMORANDUM OPINION**

**Henry, J.** **November 16, 2026**

This case is before the Court on Mercado Marin's Petition for Writ of Habeas Corpus (ECF No. 1). Mercado Marin challenges his current detention by Respondents at the Philadelphia Federal Detention Center after being arrested by ICE. Because I hold that Mercado Marin's detention violates both 8 U.S.C. § 1226(a) and due process, I will grant the writ and order his immediate release.

## I. BACKGROUND

Mercado Marin, a native of El Salvador, entered the United States without inspection over 20 years ago. Pet. at ¶ 3. He is married and has three children who are United States citizens. *Id.* On November 10, 2026, he was arrested by ICE during a traffic stop and was placed in detention. *Id.* He filed the present Petition on November 12, 2026.

## II. DISCUSSION

Mercado Marin argues, *inter alia*, that his continued prolonged detention violates due process. *Id.* at 6-9. In their opposition, Respondents argue that Mercado Marin is lawfully detained under 8 U.S.C. § 1226(a) but recognize that the questions of law before the Court are substantially the same as those already addressed in *Lopez-Abello v. Jamison*, No. 26-cv-6752, 2026 WL

2981935 (E.D. Pa. Oct. 5, 2026) and *Sanchez Rosales v. Jamison*, No. 26-7371, 2026 WL 3002650 (E.D. Pa. Oct. 6, 2026). Answer (ECF No. 5), at 2.

For the reasons set forth in *Lopez-Abello* and *Sanchez Rosales*, and several other cases holding the same, *see, e.g.*, *Dos Reis v. McShane*, 2026 WL 1746649, at *3 (E.D. Pa. June 17, 2026); *Regalado-Nauta v. Jamison*, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026), I hold that Mercado Marin's detention without an individualized custody determination violated both 8 U.S.C. § 1226(a) and his due process rights. Additionally, Mercado Marin is excused from exhausting any administrative remedies before filing his petition because administrative exhaustion is not required where, as here, "[a] later bond hearing [would] not necessarily cure the alleged constitutional violation that preceded it." *Dos Reis*, 2026 WL 1746649 at *3.

Detention under 8 U.S.C. § 1226(a) is discretionary, and a non-citizen detained under Section 1226 has due process rights, "including a right to an individualized detention determination and a bond hearing." *Regalado-Nauta v. Jamison*, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *5 (E.D. Pa. Nov. 14, 2025). In *Dos Reis*, 2026 WL 1746649 at *4, the Court held that due process required ICE to exercise its 8 U.S.C. § 1226(a) discretion through "an individualized determination as to . . . whether the noncitizen is a 'danger to property or persons' and is 'likely to appear for any future proceeding.'" *Id.*

A review of the record before the Court shows that there was no individualized custody determination as to Mercado Marin. Form I-286 merely checks "Detained" and gives no reason whatsoever for the detention and the Notice to Appear only states that Mercado Marin is subject to removal because he is "an alien present in the United States without being admitted or paroled." Ans. at Exs. C and E. None of these forms discuss any risk of flight or danger to the community to justify the detention of Mercado Marin and they all clearly fail to undertake any type of

individual examination of him. Because he has not been afforded the required individualized custody determination, his detention under 8 U.S.C. § 1226(a) is unlawful.

Further, due process in the civil immigration context requires procedures that are reasonably calculated to avoid erroneous deprivations of liberty. See *Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976). In examining the balancing factors set forth in *Mathews* for due process deprivations, I find that Mercado Marin has a strong interest in freedom from physical confinement, that the risk of erroneous deprivation is great when an individual is detained without some determination of whether they present a danger or a flight risk, and the Government's interest in ensuring appearance at removal proceedings does not outweigh Mercado Marin's interests in freedom from physical confinement and a determination of risk prior to detention. See *Dos Reis*, 2026 WL 174469 at *5; *Dzehtisarou*, 2026 WL 2211392 at *5-6. Here, it cannot be said that there was a sufficient individualized custody determination to outweigh Mercado Marin's interest in freedom from physical confinement where the detaining agent's review of his case determined only that he was unlawfully in the United States, and there is no evidence that he was dangerous or a flight risk. Mercado Marin's current detention thus violates his due process rights.[1]

## III. CONCLUSION

For the foregoing reasons, Mercado Marin's detention is improper and as such, his Petition is granted and his immediate release is ordered.

[1] Further, a bond hearing and later appeal will not cure the initial procedural deficiency—Mercado Marin's arrest without an individualized custody determination. See *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025).